UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:11-CR-00176-TWP-DKL |
| ) | |
| DEEDA L. SMITH, ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to the March 25, 2013 Order entered by the Honorable Tanya Walton Pratt, designating the duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on March 25, 2013 and Supplemental Petition for Summons or Warrant for Offender Under Supervision.. Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on February 13, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On April 9, 2013, Deeda L. Smith appeared in person with appointed counsel, Michael J. Donahoe. The government appeared by Bradley P. Shepard, Assistant United States Attorney. U. S. Parole and Probation appeared by Chris Dougherty, U. S. Parole and Probation officer.

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

1. Ms. Smith was advised of the nature of the violations alleged against her and acknowledged receipt of the notice of said allegations.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. § 3401(e).

2. A copy of the Petition, and Supplemental Petition, for Revocation of Supervised Release were provided to Ms. Smith g and her counsel, who informed the Court that they had read and understood the violations listed in the Petitions and waived further reading thereof.

3. Ms. Smith was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

4. Ms. Smith was advised she would have a right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Ms. Smith was advised she had the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

6. Ms. Smith was advised that if the preliminary hearing resulted in a finding of probable cause that Ms. Smith had violated an alleged condition or conditions of her supervised release as set forth in the Petitions, she would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with the District Court's designation.

7. Mr. Donahoe stated that Ms. Smith would stipulate there is a basis in fact to hold her on the specifications of violations of supervised release set forth in the Petitions. Ms. Smith executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Ms. Smith, through counsel, stipulated that she committed violations 1, 2, and 3 as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, and

violations 1a, 2a, and 3a as set forth in the Supplemental Petition for Warrant or Summons for an Offender Under Supervision as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | *"The defendant shall refrain from any unlawful use of a controlled substance."* |
| 2. | *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."* |
| 3. | *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."* |

The offender has submitted a total of eleven positive urine screens during her term of supervision. Ms. Smith submitted ten urine screens which tested positive for cocaine on March 16, 2012; April 17, 2012; April 24, 2012; May 3, 2012; May 8, 2012; June 14, 2012; June 15, 2012; February, 19, 2013; March 1, 2013; and March 13, 2013. Additionally, she submitted a drug screen on March 28, 2012, which tested positive for both cocaine and marijuana. The offender admitted ingesting cocaine and marijuana to produce all of the positive screens.

The Court was notified of the first four positive screens via a Request to Modify Conditions of Supervision on May 8, 2012. The offender signed a waiver agreeing to a placement of up to 180 days at a residential reentry center, and the Court ordered that modification on May 14, 2012. The RRC placement was intended to offer the offender intensive substance abuse and mental health treatment, and to remove her from her environment of illegal drug use. Ms. Smith submitted two additional positive urine screens prior to entering Volunteers of America on June 14, 2012. She was discharged from Volunteers of America on September 14, 2012, upon a recommendation from her case manager. When the offender was released, this probation officer advised her that no further illegal drug use would be tolerated and would result in a violation petition being filed with the Court.

| | |
|---|---|
| 1a. | *"The defendant shall refrain from any unlawful use of a controlled substance."* |
| 2a. | *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any* |

> *controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."*
>
> 3a. *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."*
>
> Since the filing of the first violation petition on March 22, 2013, the offender has submitted two additional screens which tested positive for cocaine on March 19, 2013, and March 28, 2013. The offender admitted smoking crack-cocaine and stated, "You know I can't stop using once I start."

9. The Court placed Ms. Smith under oath and directly inquired of Ms. Smith whether she admitted the violation of the specifications of her supervised release set forth above. Ms. Smith stated that she admitted the above violation as set forth above. The Government dismissed the remaining alleged violations.

10. Counsel for the parties further stipulated to the following:

    a. The most serious grade of violation is Grade B, pursuant to U.S.S.G. § 7B1.1(a)(3).

    b. Ms. Smith has suffered criminal convictions that yield a criminal history category of III.

    c. The term of imprisonment applicable upon revocation of Ms. Smith supervised release, therefore, is 8-14 months imprisonment. *See*, U.S.S.G. § 7B1.4(a).

11. The parties agreed that the defendant's conditions of supervised release should be Revoked as follows:

    a. The Defendant's supervised release shall be revoked.

    b. The Defendant shall be committed to the Bureau of Prisons for a period of 12 months and one day.

    c. The Defendant shall have no supervision following her incarceration.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of her supervised release.  The defendant's supervised release is therefore **REVOKED** and she is sentenced to the custody of the Attorney General or his designee for a period of 12 months and 1 day.   The Court recommends that defendant be designated to a correctional facility where she can receive treatment and/or counseling for drug abuse and the correctional facility be as close to Indianapolis as possible.  After service of her sentence, Ms. Smith shall not be subject to supervised release.

Ms. Smith's supervised release is therefore **REVOKED** as proposed above.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*.  The Parties have waived the 14-day appeal rights.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation modifying Ms. Smith's supervised release.

**IT IS SO RECOMMENDED** this   04/21/2013

_Denise K. LaRue_
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Bradley P. Shepard
Assistant United States Attorney

Michael J. Donahoe
Indiana Community Federal Defender

U. S. Parole and Probation

U. S. Marshal